United States District Court
Southern District of Texas
**ENTERED**
October 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IAMMAN R. SAMPSON, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:25-cv-00801 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PAUL LITTLETON, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Iamman R. Sampson proceeds here *pro se*. He sued Defendants Paul Littleton, Larry Littleton, and Littleton Law Firm, PLLC, for malpractice, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act. Dkt 1 at 3–4. Defendants filed a motion to dismiss for lack of subject-matter jurisdiction. Dkt 8.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 7. She issued a Memorandum and Recommendation recommending that the claims be dismissed without prejudice for lack of subject-matter jurisdiction. Dkt 15.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d

1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections months after the requisite deadline had lapsed. Dkt 28. The objections are thus STRICKEN.

But even on consideration of the objections, on *de novo* review and determination, they lack merit. Plaintiff attempts to manufacture diversity by claiming he has a Tennessee driver's license and doesn't "intend to establish permanent domicile in Texas." Id at 2. But the complaint lists Plaintiff's address as within Texas. Dkt 1 at 2. And diversity jurisdiction is determined at the outset of the action.

Plaintiff also relies on an amended complaint. See Dkt 28 at 2. But such amendment was filed *without* leave and only *after* issuance of the Memorandum & Recommendation. Dkt 19. It, too, is properly STRICKEN.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Iamman R. Sampson to the Memorandum and Recommendation of the Magistrate Judge are STRICKEN and, if considered, are OVERRULED. Dkt 28.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 15.

The motion by Defendants Paul Littleton, Larry Littleton, and Littleton Law Firm, PLLC, to dismiss is GRANTED. Dkt 8.

The motion by Defendants Paul Littleton, Larry Littleton, and Littleton Law Firm, PLLC, to dismiss the amended complaint is DENIED AS MOOT. Dkt 22. The amended complaint is STRICKEN.

Any other pending motions are DENIED AS MOOT. For example, Dkts 26 & 27.

This action is DISMISSED WITHOUT PREJUDICE.

For the avoidance of doubt, such dismissal is without prejudice to Plaintiff bringing litigation in a court that has jurisdiction.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on October 31, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge